UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05704-BFM **Date:** October 9, 2026

**Title:** *Juesong Chen v. Warden, Desert View Facility, et al.*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Juesong Chen filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 25, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Desert View Annex. (*See* Pet. ¶ 11; U.S. Immigration and Customs Enforcement Locator, https://locator.ice.gov.) He was inspected and lawfully admitted to the United States in August 2015 on a valid B-2 nonimmigrant visa, and has lived and worked in the United States since that time. (Pet. ¶¶ 1-5.)

On September 8, 2026, while returning from domestic travel, Petitioner was arrested by ICE officers at the airport. (Pet. ¶ 9.) Petitioner alleges he received no process before being taken into custody. (Pet. ¶ 10.) Petitioner is now in removal proceedings. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

Petitioner filed this Petition on September 25, 2026, arguing that he was detained in violation of his procedural due process rights and without

==============================================================

compliance with the requirements of § 1226(a). (Pet. at 13-14.) Respondents filed a response, which only noted that the remedy would be "at most" a bond hearing to be held before an Immigration Judge under Section 1226(a). (ECF 7 ("Answer") at 3.) Petitioner filed a Reply noting that Respondents did not substantively respond to his arguments. (ECF 10 ("Reply").) The matter is thus ready for decision.

## II. Analysis

Petitioner argues that his detention violates procedural due process and § 1226(a) asks for release. (Pet. at 13-14.) Respondents did not substantively respond to the Petition—not to the merits of his claim and not to the requested relief. (Answer at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that his detention violated his procedural due process rights and his statutory rights under § 1226(a), and that the proper habeas remedy is an order of release. (Pet. at 13-14.) Respondents contend that the appropriate remedy would be a bond hearing but don't explain why that is so. They do not provide the lawful basis for Petitioner's detention, respond to his due process claim, or explain their view of the appropriate relief for any meritorious claim. (Answer at 2.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK,

2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Conclusion

Accordingly, the Petition is **granted** as to Petitioner's due process claim (Pet. at 12-13.) Petitioner Juesong Chen (A# 248-004-978) is ordered immediately released on reasonable conditions.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, counsel shall promptly notify the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-05704-BFM **Date:** October 9, 2026

**Title:** *Juesong Chen v. Warden, Desert View Facility, et al.*

==========================================================

Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

Initials of Preparer: ch